UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**IBORMEITH IP, LLC,**              :
                                    :
      **Plaintiff,**     :    Civil Action No. 10-5378 (FSH)
                                    :
      v.                 :
                                    :
**MERCEDES-BENZ USA, LLC, et al.,** :    **PRETRIAL SCHEDULING ORDER**
                                    :
      **Defendants.**    :
_____ :

    **THIS MATTER** having come before the Court for a scheduling conference on the record pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 28, 2011; and the Court considering the positions of the parties; and for the reasons set forth on the record; and for good cause shown,

    **IT IS** on this <u>28th</u> day of March, 2011

    **ORDERED THAT**:

    1. The request to stay fact discovery pending a <u>Markman</u> ruling is denied.

    2. Discovery shall not be bifurcated and request to bifurcate the trial shall be listed as a contemplated motion in the joint proposed Final Pretrial Order;

    3. The defendants shall identify persons who have information relevant to the claim and defenses. If plaintiff seeks emails, then they shall identify the individuals whose emails are sought and the subject matter about which information is sought.

    **IT IS FURTHER ORDERED THAT:**

    **I. PATENT-RELATED TASKS**

    1. The plaintiff shall identify the patent claims and the infringement contentions no later than **April 11, 2011.**

    2. The defendant shall provide its invalidity contentions no later than **May 26, 2011.**

    3. The parties shall identify the claims that they believe need to be construed no later than **June 9, 2011.**

      4.  The parties shall exchange preliminary claim constructions no later than **June 30, 2011.**

      5.  The parties shall submit the joint claims construction chart no later than **August 1, 2011.**

      6.  <u>Markman</u> fact discovery shall be completed no later than **August 31, 2011.**

      7.  The opening <u>Markman</u> briefs shall be submitted no later than **September 15, 2011.**

      8.  <u>Markman</u> expert discovery shall be completed no later than **October 19, 2011.**

      9.  The responsive <u>Markman</u> briefs shall be submitted no later than **November 14, 2011.**

      10.  The parties shall submit a joint letter that sets forth the information required by proposed Patent Rule 4.6, including the estimated length of the <u>Markman</u> hearing and the names of the witnesses (if any) no later than **November 28, 2011.**  Any request to present a tutorial and the length of same shall be included in this letter.

      11.  Advice of counsel disclosures shall be made no later than 30 days after the claims construction ruling.

**IT IS FURTHER ORDERED THAT:**

II.  COURT DATES

      1.  There shall be telephone status conferences before the Undersigned on **June 1, 2011 at 2:00 p.m., July 28, 2011 at 2:00 p.m. and September 21, 2011 at 2:00 p.m.**, and **November 30, 2011 at 2:00 p.m.**  Plaintiff shall initiate the telephone calls.

      2.  There will be a settlement conference before the Undersigned on **TO BE SET.**  No later than **TO BE SET**, each party may submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

      3.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **July 26, 2012 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result

absent adjournment.

### III.  DISCOVERY AND MOTION PRACTICE

4.  a. Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **completed.**

b. No later than **April 27, 2011**, the parties shall submit an electronic discovery plan and proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

5.  Discovery necessary to engage in meaningful settlement discussions: <u>none</u> .

6.  a. The parties may serve interrogatories limited to **25** single questions including subparts and requests for production of documents on or before **April 15, 2011,** which shall be responded to no later than **May 16, 2011.**  No document demands may be served after **September 30, 2011.**

b. Absent agreement of the parties or order of the Court, the parties may serve no more than 75 substantive requests for admissions and an unlimited number of requests for admissions addressing authenticity or foundation.

c. Foreign evidence collection shall commence no later than **June 17, 2011**.

d. Final privilege logs shall be produced no later than **October 28, 2011.**

7.  The number of depositions to be taken by each side shall not exceed **10**.  The depositions taken using a translator for each question may not exceed 14 hours.  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  <u>See</u> Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **February 10, 2012.**.

8.  Fact discovery is to remain open through **February 10, 2012.**  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.  Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **August 9, 2011 at 3:00 p.m.**  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10. Any consent order or motion to amend pleadings or join parties shall be filed no later than **July 22, 2011**, other than to add a claim of inequitable conduct, which shall be filed by **October 14, 2011.**

11. Any motion for summary judgment must be filed no later than **June 8, 2012** and must be comply with Local Rule 7.1.  No extensions under Rule 7.1 may be sought.  No pretrial dispositive motions will be entertained after that date.  Any responses shall be submitted no later than **June 18, 2012** and any replies shall be submitted no later than **June 25, 2012.**  The return date shall be **July 2, 2012** before the Hon. Faith S. Hochberg.  Her Honor's chambers will advise the parties if oral argument will be required.

### IV.  EXPERTS

12. All affirmative expert reports shall be delivered by **March 12, 2012.**

13. All responding expert reports shall be delivered by **April 12, 2012.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

b. All expert depositions shall be completed by **May 18, 2012**.

c. <u>Daubert</u> motions shall be filed no later than **June 8, 2012.**

### V. FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **July 26, 2012 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.  The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days**  before the pretrial conference, the parties shall</u>

exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.

      17.    All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

      18.    With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

      19.    The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **July 17, 2012 at 3:00 p.m.**  All counsel are responsible for the timely submission of the Order.

      20.    The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## VI.  MISCELLANEOUS

      21.    The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

      22.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.  Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.  Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

      23.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

      24.    Absent permission from Chambers, communications to the Court by facsimile will not be accepted.  All communications to the Court shall be in writing or by telephone conference.

      25.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

                                         <u>s/Patty Shwartz</u>
                                         **UNITED STATES MAGISTRATE JUDGE**